Cordova Arone, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
En el presente recurso el peticionario solicita que revisemos la resolución del Tribunal de Primera Instancia (Hon. Eliadís Orsini Zayas, J.) reafirmando por escrito la determinación mediante la cual se declaró sin lugar la supresión de la identificación del acusado en un caso sobre violación a la Ley de Sustancias Controladas.
Para resolver la controversia ante nuestra consideración es preciso hacer un resumen de los hechos que dieron margen al pleito que nos ocupa.
I
El 6 de mayo de 1994, el agente encubierto Jesús Rodríguez Rodríguez prestó una declaración jurada ante la fiscal Esther Ivette Hernández. En dicha declaración el agente describe al recurrente de la siguiente forma:

*912
""C/P Gordo: tez blanca, pelo castaño, ojos castaños, edad aprox. 24-26 años, estatura aprox. 5'8"-5'10", peso aprox. 195-205 lbs."

Según la declaración jurada, -el agénte encubierto alega'que el 4 de -mayo de4994 vio al acusado fuera de un negocio en el Barrio Las Magas de Guayanilla; que se detuvo en el lugar porque había conocido al supuesto traficante de drogas que administra ese negocio, y que al entrar al negocio el traficante se encontraba con el aquí compareciente.
Alega, además, que eran alrededor de las 5:00 p m y la tarde estaba clara. Sostiene que los tres estuvieron hablando dentro y fuera del negocio. El agente estuvo parado al lado del acusado durante este tiempo.
De acuerdo con el agente, el acusado y él fueron a Ponce compraron sustancias controladas y regresaron a Guayanilla. Con esta información se presentó una denuncia contra el "C/P Gordo", quien el agente sostiene es el aquí acusado, Rafael Torres Galarza.
La determinación de causa probable para-el arresto, se llevó a cabo el .14.de julio de 1994, en ausencia del acusado, ante la Hon. María de los Angeles Ruiz. Desde luego, la juez no tuvo la oportunidad de ver al acusado de manera que pudiera comparar la descripción de éste con la declaración del agente. En la denuncia aparece el acusado identificado como "C/P Gordo", describiéndose tal y como lo hizo el agente en su declaración jurada.
Como consecuencia de la orden de arresto dictada por esta Magistrado contra "C/P Gordo", se arrestó al aquí compareciente, Rafael Torres Galarza, quien alega que jamás se le ha apodado "Gordo", su apodo es "Rafi", tiene 21 años de edad y responde a la siguiente descripción física: mide 6' 1", pesa 225 libras, su color de pelo es negro y sus ojos son de color marrón.
En la vista preliminar celebrada frente al Hon. Raúl H. Alcalá Ocasio se encontró causa contra el acusado de epígrafe.
Posteriormente, se celebró una vista preliminar en alzada ante la Hon. Elba Rosa Rodríguez Fuentes. Se encontró causa probable contra el Sr. Torres Galarza aparentemente por entender la Hon. Juez que el vehículo procesal para el reclamo de la defensa era una moción de supresión de identificación y no la vista preliminar que presidía en ese momento.
Ante esta situación, la defensa radicó la mencionada moción. El 7 de junio de 1995 se celebró la vista para dilucidar la moción de supresión ante la Hon Eliadís Orsini Zayas. Se dictó resolución en corte abierta la cual fue reafirmada por escrito mediante resolución de 28 de julio de 1995. Nos dice el Tribunal de Primera Instancia en su resolución, inter alia:

"En corte abierta se declaró Sin Lugar la moción de supresión de identificación. Señalamos entonces que, según la prueba testifical desfilada y admitida en el curso de esta vista, la descripción general del imputado que ofrece en su declaración el Agente -Rodríguez Rodríguez y en corte abierta tomando en cuenta los criterios aplicables sobre identificación y evaluadas todas las circunstancias no estaba fatalmente viciada, que hubiese que suprimirla. Que en realidad, según la prueba escuchada y admitida, estamos ante el valor probatorio que pudiera tener dicha identificación que, en unión al resto de la prueba, en su día se considerará en conjunto, el juzgador de hechos [sic] para determinar culpabilidad o inocencia en estos hechos."

Es ante esta resolución que el acusado recurre ante nos.
II
Para determinar la validez de la identificación de un sospechoso debe dilucidarse dos cuestiones principales a saber: (1) si dicha identificación ha sido confiable, y (2) si en el curso de ésta no hubo irregularidades que afectasen irremediablemente derechos sustanciales del acusado. Pueblo v. Rivera, 139 DPR._(1994), 94 J.T.S. 150; Pueblo v. Rodríguez Román, 128 D P.R _ (1991), 91 J.T.S. 26.
*913 En el caso que nos ocupa, al Tribunal de Primera Instancia le pareció confiable el testimonio del agente Rodríguez a la luz de la totalidad de las circunstancias. Por otro lado, la defensa no demostró que en el transcurso de la identificación hubiera irregularidades de tal magnitud que derechos sustanciales del acusado quedaran irremediablemente afectados.
El Tribunal Supremo de Puerto Rico ha señalado reiteradaménte que la validez de una identificación depende de la totalidad de las circunstancias que rodean el proceso de identificación. Pueblo v. Rivera, supra; Pueblo v. Torres Ramos, 121 D.P.R 747 (1988).
Si comparamos la descripción del acusado, según planteadas por el agente, con las características de éste podemos percatarnos de que las diferencias entre una y otra caen dentro de lo aceptable, contrario a lo que pretende probar la defensa. El agente señaló la edad aproximada del acusado entre los 24 a 26 años, resultando que realmente tiene 21 años. Es muy probable confundir a una persona de 21 años con una de 24 años pues la diferencia entre una y otra edad no es nada marcada. Lo mismo sucede con el peso de una persona cuando se describió de 195 a 205 libras y luego de casi un año la persona realmente pesa 225 libras. No es nada raro que una persona pueda aumentar 20 libras de peso durante el transcurso de un año.
Por otro lado, el agente describió al joven como de ojos castaños, resultando que sus ojos son del color descrito. La defensa en el caso de autos pretende confundir al tribunal introduciendo diferenciaciones semánticas erróneas. Nos dice la defensa que los ojos del acusado son "brown", palabra que en español significa marrón o castaño. 
En el caso de autos se celebró una vista de supresión de identificación en la cual la juez de instancia tuvo la oportunidad de escuchar los testimonios de los testigos y aquilatar la prueba presentada por las partes en conflicto.
En dicha vista, se pudo interrogar y contrainterrogar a los testigos, a la vez que se tuvo la oportunidad de confrontar el testimonio del agente con la descripción del acusado. Debemos recordar que el principio rector que guía nuestra función apelativa dispone que no se intervendrá con las determinaciones que haga un tribunal de primera instancia en ausencia de error manifiesto, prejuicio, parcialidad o pasión. Pueblo v. Pellot Pérez, 121 D P R. 791 (1988)
No habiendo indicios de que la decisión del tribunal de primera instancia estuviera matizada con alguno de los criterios establecidos en la jurisprudencia citada, no intervendremos con la misma.
Debemos tener presente que la descripción que se necesita para una orden de arresto no tiene que ser una de precisión matemática sino aquella que identifique adecuadamente a la persona a ser arrestada. Véase, United States v. Muckenthaler, 584 F.2d 240 (1978).
Notifíquese por teléfono, por facsímil y por la vía ordinaria.
Lo acordó el Tribunal y lo certifica la señora Secretaria General. El juez Segarra Olivero disiente sin opinión.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 231
1. La denuncia va dirigida contra cuatro personas, a saber: (1) Rafael Rodríguez Cale; (2) C/P Gordo; (3) C/P John Doe XII y; (4) un menor.
2. El Diccionario de la Real Academia Española de la Lengua define marrón y castaño como sinónimos.